BLANCHE, Judge.
The plaintiffs, Agnes B. Frickey and Eugene Frickey, filed a petition for adoption of the minor child, Tammy Louise Jones. The petition also sought a preliminary injunction prohibiting the Department of Public Welfare from removing the minor child from petitioners’ home until after a hearing on the adoption petition had been held. The Court took up the rule for a preliminary injunction and rendered a judgment refusing the preliminary injunction on June 11, 1973. A devolutive appeal from that judgment was granted on July 5, 1973, on motion of counsel for plaintiffs-appellants, and the return date was set for August 31, 1973. The appeal bond was fixed in the amount of $350.
After the record was lodged in this Court, we examined it, ex proprio m-ohi, and ordered the parties to show cause by briefs on or before October 16, 1973, why the appeal should not be dismissed, it appearing that appellant did not move timely for an appeal nor file an appeal bond.
The delay within which a litigant must perfect an appeal from an order or a judgment either granting or denying a preliminary injunction is set forth in Louisiana Code of Civil Procedure Article 3612, which provides that an appeal from an order or judgment relating to a preliminary injunction must be taken and a bond furnished within fifteen days from the date of the order or judgment. As appellant neither applied for nor posted his bond within the fifteen-day period, the judgment appealed from became final before the appeal was moved for by appellant. See Adoption of Ronald Lemoine and Robert Lemoine, 146 So.2d 12 (La.App. 4th Cir. 1962), cer-tiorari denied, January 14, 1963.
Accordingly, this Court is without jurisdiction and the appeal is dismissed.
Appeal dismissed.